UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TYSHAWN MITCHELL,

                            Plaintiff,

       – against –

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, COMMISSIONER DERMOT F. SHEA,
and P.O. JOHN/JANE DOES 1-6 – Police Officers as yet
unidentified; the individual defendants sued individually and
in their official capacities,

                          Defendants.

------------------------------------------------------------------------X

Civil Action No.: 1:21-cv-7278

**COMPLAINT AND JURY DEMAND**

       Plaintiff TYSHAWN MITCHELL, by his attorneys, The Zweig Law Firm, P.C., as and for his Complaint, respectfully alleges upon information and belief as follows:

PRELIMINARY STATEMENT

       1.      This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

       2.      The claims submitted herein arise from an incident which occurred on or about June 1, 2020.

       3.      During the incident, the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, assault, battery, excessive force, unlawful search and seizure, retaliation for free speech, conspiracy, intentional

and negligent infliction of emotional distress, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

4. Plaintiff seeks compensatory and punitive damages, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

6. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law (assault, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees claims). A notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

7. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## THE PARTIES

8. Plaintiff Tyshawn Mitchell is a resident of the State of New York, Bronx County.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

10.     Defendant NYPD is a municipal corporation organized under the laws of the State of New York and a department of and sub-division of defendant City of New York, and which violated plaintiff's rights as described herein

11.     Defendant Dermot F. Shea is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

12.      Defendants John/Jane Does # 1-6 are New York City Police Officers who violated plaintiff's rights as described herein.

13.      The individual defendants are sued in their individual and official capacities.

## PREREQUISITES

14.     That on August 30, 2020 and within ninety (90) days of the occurrence upon which this action is based, the plaintiff caused a sworn Notice of Claim, in writing, containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place where, and the manner in which the claim arose, the items of damage and the injuries claimed to have been sustained by plaintiff, to be served upon the municipal defendants, by delivering same to the person designated by law as a person to whom such claim may be served.

15.     That a General Municipal Law 50(h) hearing pursuant to Statute was held on July 19, 2021.

16.     That more than thirty (30) days have elapsed since the service of said Notice of Claim.

17.     That defendants have refused and neglected to adjust, settle and pay for said damages suffered by plaintiff and duly demanded.

18. That this action is commenced within one year and ninety days of the date of occurrence upon which this action is based.

19. That all conditions and requirements precedent to the commencement of this action have been complied with.

STATEMENT OF FACTS

20. That on or about June 1, 2020, and at all times mentioned herein, defendant City of New York owns, operates, manages, maintains, controls, supervises, employs, inspects, monitors, trains, hires, and retains defendant NYPD, a department and subdivision of the City of New York, including all employees, personnel, and police officers.

21. In 2020, the employed various police officers, including POLICE OFFICERS "JOHN/JANE DOES" 1-6 whose names are presently unknown.

22. That on or about June 1, 2020, and at all times hereinafter mentioned and upon information and belief, said identified and unidentified police officers were acting within the scope of and in the course of employment under authority and color of State Law.

23. That on or about June 1, 2020, and at all times hereinafter mentioned and upon information and belief, all defendants were acting within the scope of and in the course of employment under authority and color of State Law.

24. That on or about June 1, 2020, and at all times hereinafter mentioned and upon information and belief, the plaintiff, TYSHAWN MITCHELL, was lawfully present at or near the premises known as 62 Greene Street, County, City, and State of New York

25. That on or about June 1, 2020, and at all times hereinafter mentioned and upon information and belief, plaintiff was assaulted and battered by POLICE OFFICERS

"JOHN/JANE DOES" 1-6 as yet unidentified, who were acting within the scope of their employment with defendants the City of New York and NYPD.

26. That on or about June 1, 2020, and at all times hereinafter mentioned and upon information and belief, the aforementioned assault and battery was performed knowingly, intentionally and willfully.

27. That on or about June 1, 2020, and at all times hereinafter mentioned and upon information and belief, plaintiff was assaulted and battered by POLICE OFFICERS "JOHN/JANE DOES" 1-6 as yet unidentified, without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff, had committed a crime.

28. Upon information and belief, the individual defendants acted in concert committing these illegal acts against plaintiff.

29. The aforesaid events are not an isolated incident. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea have been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force and treat innocent and/or uninvolved individuals encountered by police officers.

30. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea were further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendants City of New York, NYPD, and Commissioner Dermot F. Shea have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

31. Moreover, defendants City of New York, NYPD, and Commissioner Dermot F. Shea were aware prior to the incident that the defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as officers. Despite such notice, defendants City of New York, NYPD, and Commissioner Dermot F. Shea have retained these officers, and failed to adequately train and supervise them.

32. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

33. The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

34. At no time prior to, during or after the above incidents were individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful, or criminal conduct.

35. As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>:
(*Violation of Plaintiff's Federal Civil Rights by Defendant Officers Including Violation of 42 U.S.C. §§ 1983 and 1985[3]*)

36. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth at length herein.

37. The conduct of defendant officers, as described herein, amounted to false arrest, excessive force, unlawful search and seizure, malicious prosecution, unconstitutional conditions of confinement, retaliation for free speech, conspiracy, intentional and negligent infliction of emotional distress, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

38. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by committing assault and battery, false arrest, excessive force, unlawful search and seizure, malicious prosecution, unconstitutional conditions of confinement, retaliation for free speech, conspiracy, intentional and negligent infliction of emotional distress, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

39. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State law.

40. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

41. Plaintiff is entitled to recover from defendants, jointly and severally, damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, together with interest thereon.

42. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

AS AND FOR A SECOND CAUSE OF ACTION:
(*Violation of Plaintiff's Federal Civil Rights by Municipal Defendants and Commissioner Shea Including Violation of 42 U.S.C. §§ 1983 and 1985[3] and Monell Liability*)

43. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth at length herein.

44. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea are liable to plaintiff because: (1) they created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) they were grossly negligent in supervising subordinates who committed the wrongful acts, and (3) they exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

45. Upon information and belief, defendants City of New York, NYPD, and Commissioner Dermot F. Shea were aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

46. Nevertheless, defendants City of New York, NYPD, and Commissioner Dermot F. Shea exercised deliberate indifference by failing to take remedial action.

47. The aforesaid conduct by defendants City of New York, NYPD, and Commissioner Dermot F. Shea violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers, and creating a culture where officers are encouraged to violate, harass and assault those who question their authority, and acting in manner which amounted to

negligent hiring, training, monitoring and retention of incompetent employees, in violation of Federal and State law.

48. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea evinced a policy, practice, and custom of deliberate indifference to the individual, civil, and constitutional rights of individuals, so as to ratify such conduct, and violated plaintiff's constitutional and civil rights as guaranteed by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Charter and Code of the City of New York, the Constitution of the State of New York and New York State statutes/rules/regulations/policies/codes, and the New York State Civil Rights Law; evinced a pattern, custom, or policy of ratifying improper and unconstitutional conduct and deliberate indifference with respect to racial profiling and discriminatory practices which resulted in a deprivation of the plaintiff's rights.

49. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

50. Plaintiff is entitled to recover from defendants, jointly and severally, damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, together with interest thereon.

51. The plaintiff is also entitled to receive punitive damages because the defendants' actions were motivated by and exhibited extreme recklessness and indifference to the plaintiff's rights.

### AS AND FOR A THIRD CAUSE OF ACTION:
(*Assault*)

52. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth at length herein.

53. The defendant police officers intentionally placed Plaintiff in apprehension of imminent harmful and offensive contact, causing him to suffer personal injuries, conscious pain and suffering, loss of enjoyment of life, economic harm, emotional upset, shock and fright, and fear of impending injury or death.

54. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

55. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea are responsible for their employees' actions under the doctrine of *respondeat superior*.

56. Plaintiff is entitled to recover from defendants, jointly and severally, damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, together with interest thereon.

57. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

### AS AND FOR A FOURTH CAUSE OF ACTION:
(*Battery*)

58. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth at length herein.

59. The individual defendant police officers touched Plaintiff in a hostile and offensive manner without his consent and with the intention of causing harmful offensive bodily contact causing him to suffer personal injuries, conscious pain and suffering, loss of enjoyment of life, economic harm, emotional upset, shock and fright, and fear of impending injury or death.

60. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

61. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea are responsible for their employees' actions under the doctrine of *respondeat superior*.

62. Plaintiff is entitled to recover from defendants, jointly and severally, damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, together with interest thereon.

63. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

<u>AS AND FOR A FIFTH CAUSE OF ACTION</u>:
(*Negligence*)

64. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth at length herein.

65. The defendants were negligent and affirmatively negligent, committing various negligent acts and omissions, in contravention of good and accepted police practices, procedures, and protocols, including with respect to the use of force, stop, detention, search and seizure, arrest, imprisonment, and prosecution; failed to properly search, safeguard, restrain control, and protect plaintiff; breached a special duty owed to Plaintiff causing Plaintiff to suffer personal

injuries, conscious pain and suffering, loss of enjoyment of life, economic harm, emotional upset, shock and fright, and fear of impending injury or death.

66. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

67. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea are responsible for their employees' actions under the doctrine of *respondeat superior*.

68. Plaintiff is entitled to recover from defendants, jointly and severally, damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, together with interest thereon.

69. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>:
(*Negligent Hiring, Training, and Supervision by the Municipal Defendants and Defendant Shea*)

70. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth at length herein.

71. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea were negligent with respect to their hiring, training, supervision, retention, monitoring, and promotion of police officers; failed to have and/or properly implement an early warning screening system for psychological profiles; failed to detect and/or respond in an appropriate and timely manner to signs and symptoms of unfitness of the individual police officers herein; evinced a policy, practice, and custom of deliberate indifference to the individual, civil, and constitutional rights of

individuals, so as to ratify such conduct, and violated plaintiff's constitutional and civil rights, as guaranteed by the Charter and Code of the City of New York, the Constitution of the State of New York and New York State statutes/rules/regulations/policies/codes, and the New York State Civil Rights Law; evinced a pattern, custom, or policy of ratifying improper and unconstitutional conduct and deliberate indifference with respect to racial profiling and discriminatory practices which resulted in a deprivation of the plaintiff's rights; in negligently condoning and ratifying improper conduct and a pattern of improper conduct and a pattern of deliberate indifference to plaintiff's civil rights; and in engaging in discriminatory acts based on plaintiff's race and ethnicity.

72. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

73. Plaintiff is entitled to recover from defendants, jointly and severally, damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, together with interest thereon.

74. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

AS AND FOR A SEVENTH CAUSE OF ACTION:
(*Intentional Infliction of Emotional Distress*)

75. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth at length herein.

76. Defendants violated plaintiff's Federal and State civil rights and assaulted plaintiff and/or caused plaintiff to be assaulted.

77. Defendants' conduct was extreme and outrageous exceeding all reasonable bounds of decency.

78. As a direct and proximate result of the extreme and outrageous acts of the Defendants, the plaintiff has in the past and will in the future endure pain and suffering, emotional distress, psychological manifestations of stress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, and loss of dignity.

79. All of the aforementioned injuries are permanent in nature.

80. The foregoing conditions have in the past and/or will in the future require the plaintiff to undergo medical, psychological, and psychiatric treatment, care and counseling, for which plaintiff will incur costs and expense.

81. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

82. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea are responsible for their employees' actions under the doctrine of *respondeat superior*.

83. Plaintiff is entitled to recover from defendants, jointly and severally, damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, together with interest thereon.

84. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

## AS AND FOR AN EIGHTH CAUSE OF ACTION:
(*Negligent Infliction of Emotional Distress*)

85. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth at length herein.

86. Defendants violated plaintiff's Federal and State civil rights and assaulted plaintiff and/or caused plaintiff to be assaulted.

87. Defendants' conduct, as described above, was extreme and outrageous, if not intentional.

88. It was wholly foreseeable that the Defendants' conduct would have caused plaintiff severe emotional distress

89. As a direct and proximate result of the extreme and outrageous acts of the Defendants, the plaintiff has in the past and will in the future endure pain and suffering, emotional distress, psychological manifestations of stress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, and loss of dignity.

90. All of the aforementioned injuries are permanent in nature.

91. The foregoing conditions have in the past and/or will in the future require the plaintiff to undergo medical, psychological, and psychiatric treatment, care and counseling, for which plaintiff will incur costs and expense.

92. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

93. Defendants City of New York, NYPD, and Commissioner Dermot F. Shea are responsible for their employees' actions under the doctrine of *respondeat superior*.

94. Plaintiff is entitled to recover from defendants, jointly and severally, damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, together with interest thereon.

95. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights

## PRAYER FOR RELIEF

96. **WHEREFORE**, Plaintiff TYSHAWN MITCHELL demands a jury trial and the following relief jointly and severally against the defendants:

   a. In respect of the First Cause of Action, granting Plaintiff damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, and with interest thereon, together with punitive or exemplary damages of Five Million Dollars ($5,000,000.00);

   b. In respect of the Second Cause of Action, granting Plaintiff damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, and with interest thereon, together with punitive or exemplary damages of Five Million Dollars ($5,000,000.00);

   c. In respect of the Third Cause of Action, granting Plaintiff damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, and with interest thereon, together with punitive or exemplary damages of Five Million Dollars ($5,000,000.00);

    d. In respect of the Fourth Cause of Action, granting Plaintiff damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, and with interest thereon, together with punitive or exemplary damages of Five Million Dollars ($5,000,000.00);

    e. In respect of the Fifth Cause of Action, granting Plaintiff damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, and with interest thereon, together with punitive or exemplary damages of Five Million Dollars ($5,000,000.00);

    f. In respect of the Sixth Cause of Action, granting Plaintiff damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, and with interest thereon, together with punitive or exemplary damages of Five Million Dollars ($5,000,000.00);

    g. In respect of the Seventh Cause of Action, granting Plaintiff damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, and with interest thereon, together with punitive or exemplary damages of Five Million Dollars ($5,000,000.00);

    h. In respect of the Eighth Cause of Action, granting Plaintiff damages, costs, and expenses in an amount to be proven at trial but not less than One Million ($1,000,000.00) Dollars, and with interest thereon,

together with punitive or exemplary damages of Five Million Dollars ($5,000,000.00);

plus interest thereon, plus reasonable attorney's fees, plus the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

Dated: Woodmere, New York
August 30, 2021

Yours, etc.,
THE ZWEIG LAW FIRM, P.C.

By: _____
Jonah S. Zweig, Esq.
*Attorneys for Plaintiff*
TYSHAWN MITCHELL
*Office and P.O. Address:*
999 Central Avenue, Suite 100-D
Woodmere, New York 11598
(718) 971-9716 Ext. 1
jzweig@zweigpc.com